IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JENNIFER STARK AND (2) JEFF STARK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) No._____ | |
| | ) Honorable _____ | |
| (1) SAFECO INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Safeco Insurance Company of America
(improperly named as Safeco Insurance Company)(hereinafter referred to as "Safeco"),
pursuant to 28 U.S.C. §§1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil
Procedure and Local Civil Court Rule 81.1 of the United States District Court for the
Western District of Oklahoma, hereby files this Notice of Removal of this case from the
District Court of Oklahoma County, Oklahoma, in which court this case is pending, to the
United States District Court for the Western District of Oklahoma, being the district
embracing the place where the case is pending.  In support of this Notice of Removal,
Defendant states the following:

### Timeliness of Removal

1.      Plaintiffs commenced this action by filing the Petition in the District Court of
Oklahoma County, on December 26, 2013.

2.      Safeco was served via the Oklahoma Insurance Commissioner on March 17,
2014.

3.      In the Petition, Plaintiffs plead breach of contract and bad faith for which Plaintiffs seek $60,000 plus reasonable attorney fees and punitive damages and, therefore, the amount in controversy meets the federal jurisdiction requirement of an amount in excess of $75,000.00.

4.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a certified copy of the Docket Sheet and a copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "5"**.

5.      This removal was effected within 30 days of service of the Petition on Safeco and therefore is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. §1446(b) if filed within 30 days after service of the complaint).

**Diversity Jurisdiction**

6.      Plaintiffs are individuals who are citizens and residents of Oklahoma.

7.      Safeco is a foreign insurance company organized under the laws of the State of New Hampshire and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is Boston, Massachusetts. Therefore, Safeco is deemed to be a Massachusetts citizen for the purpose of diversity.

8.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 as there is complete diversity between Plaintiffs and Safeco. Removal is proper pursuant to 28 U.S.C. §§1332, 1441 and 1446.

2

## Allegations and Claims in the Petition

9.      According to Plaintiffs' Petition, Safeco issued homeowners' insurance policy #OY6782620 to the Plaintiffs, which was in effect from January 6, 2012, to January 6, 2013.

10.      Plaintiffs assert in their Petition that, on May 29, 2012, they sustained a loss to the property covered by the Policy.

11.      Plaintiffs allege in their Petition that Safeco breached the contract of insurance and its duty of good faith and fair dealing in that it "did not properly or fairly investigate and evaluate Plaintiffs' claims", "did not advise Plaintiffs of their benefits and other provisions of their insurance policy which were pertinent to the claim", "knowingly misrepresented policy provisions relating to the coverage at issue", "did not attempt in good faith to effectivate prompt, fair and equitable settlement of Plaintiffs' claim", and "should have offered to pay Plaintiffs approximately $30,000.00."

12.      Plaintiffs also seek recovery of punitive damages pursuant to claims that Safeco "knowingly misrepresented policy provisions relating to the coverage at issue", Safeco's "actions and inactions were unreasonable and willful", and Safeco's "delaying and low-ball tactics have caused Plaintiffs to suffer other damages, not only to their property, but to their mental well-being and state of mind", which damages Plaintiffs allege "will not exceed $30,000.00".

13.      Plaintiffs pray for judgment against Safeco "in an amount not to exceed $60,000.00, plus cost, interest and a reasonable attorney fee".

14.    Defendant Safeco denies Plaintiffs' allegations.

## Amount in Controversy

15.    Safeco and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a.    Plaintiffs' allege in their Petition that Safeco should have offered to pay Plaintiffs approximately $30,000.00 for their claim, and Safeco's failure to do so caused damages to the Plaintiffs.

    b.    Plaintiffs' Petition also includes allegations that Safeco "knowingly misrepresented policy provisions relating to the coverage at issue", Safeco's "actions and inactions were unreasonable and willful", and Safeco's "delaying and low-ball tactics have caused Plaintiffs to suffer other damages, not only to their property, but to their mental well-being and state of mind", for which Plaintiffs seek punitive damages pursuant to Oklahoma law. *See* 23 O.S. §9.1(B) (which allows recovery of punitive damages not to exceed the greater of $100,000.00 or the amount of actual damages awarded if defendant is found to have recklessly disregarded its duty to deal fairly and act in good faith with its insured) and 23 O.S. §9.1(C) (which allows recovery of punitive damages not to exceed the greater of $500,000.00 or twice the amount of actual damages awarded if defendant is found to have intentionally and with malice breached its duty to deal fairly and act in good faith with its insured).

    c.    Plaintiffs pray for judgment against Safeco "in an amount not to exceed $60,000.00, plus cost, interest and a reasonable attorney fee."

d.   Based on Plaintiffs' allegations and prayer for recovery of actual and punitive damages, plus attorney fees, it appears Plaintiffs are seeking judgment against Safeco in an amount exceeding the sum of $75,000.00, exclusive of interest and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

16.   While Safeco disputes Plaintiffs' allegations, Safeco and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995).   *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008).   In a recent case pending in this District Court, *Tinker Federal Credit Union v. State Farm Mutual Automobile Insurance Company*, W.D. CIV-12-956-R [Doc 19], Judge Russell allowed removal, noting that where punitive damages are sought, plaintiff is permitted to recover in excess of the amount demanded (citing 28 U.S.C. §1446(c)(2)(A)(ii) and 23 O.S. §9.1(B)(2)(b)), and that a reasonable estimate of attorney fees, where sought, may also be used to calculate the jurisdictional amount.

17.   Pursuant to 28 U.S.C. §1446(a), Safeco acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

18.   Safeco and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. §1446(b) which provides, in pertinent part:

5

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiffs seek actual damages, punitive damages, and attorney fees.  Safeco contends that removal is proper based upon the face of the Petition and that said removal has been done so timely.  *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. §9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

19.    The Tenth Circuit has construed the language of 28 U.S.C. §1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979.  The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

20.    The face of Plaintiffs' Petition establishes that Plaintiffs seek money damages

6

in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

21.     Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal.  *Laughlin*, 50 F.3d at 873.  Safeco and its counsel contend that the facts and reasons set forth above support removal.

22.     Pursuant to LCvR 81.1, Safeco demands a jury trial and affirmatively states Plaintiffs are put on notice of said demand.

23.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiffs through their counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Facsimile:   (405) 231-0062

Date:  April 16, 2014

 s/Tim D. Cain
Tim C. Cain, OBA #11779
TimC@wcalaw.com
Frances J. Armstrong, OBA #12496
FrancesA@wcalaw.com
*Attorneys for Defendant,*
*Safeco Insurance Company of America*
*(improperly named as Safeco Insurance*
*Company)*

## CERTIFICATE OF SERVICE

__X__   I hereby certify that on the 16th day of April, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jack S. Dawson
jdawson@millerdollarhide.com
MILLER DOLLARHIDE, P.C.
210 Park Avenue, Suite 2550
Oklahoma City, OK 73102
*Attorney for Plaintiffs*

                              *s/Tim D. Cain*
                              Tim D. Cain